■ In the Matter of BEVERLY CARVER, Respondent, v. FRANCIS B. LOONEY, as Commissioner of the Nassau County Police Department, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR inter alia for reinstatement of petitioner to her position as a member of the Police Department of Nassau County, the appeal is from a judgment of the Supreme Court, Nassau County, dated July 16, 1969, which granted the petition after a hearing. Judgment reversed, on the law and the facts, and proceeding dismissed, with costs. The record impels the finding that petitioner abandoned her position and remained absent, without explanation, for about six weeks. The appellant Police Department, after petitioner's unexplained absence for five days, or more, had the right to deem such absence a resignation (Nassau County Administrative Code, § 8–14.0, L. 1939, chs. 272, 701–709, as amd.). Brennan, Acting P. J., Hopkins, Martuscello and Kleinfeld, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment with the following memorandum: It is true that petitioner was absent from work for about six weeks, but this record does not support the majority's conclusion that her absence was "unexplained" and that she abandoned her position. After a plenary hearing, Special Term found that petitioner was suffering from duodenal ulcers, that the appellant Police Department knew this, and that her absence for that six-week period was caused by her illness.

There is adequate support in the record for those findings and I see no reason to disagree with Special Term's appraisal of the witnesses' credibility and the proof on this point. In view of those findings, petitioner's absence during that six-week period was not "unexplained" and it consequently cannot be deemed a resignation or an abandonment of her position. Hence, Special Term properly directed that she be reinstated to active duty.